## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN HALL,**<br>**B60807,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **12-CV-204-MJR** |
| **S.A. GODINEZ, RICKENBERG, DAVE**<br>**REDNOUR, M. ATCHISON, SHERRY**<br>**BENTON,  MS. CARTWRITE, MAVE**<br>**HALL, TRACY HARRINGTON, ROBIN**<br>**ROWOLD, SCHINER,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for threshold review of the Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff, who is incarcerated at Menard Correctional Center, asserts that he has been subject to a pattern of retaliation by one or more of the defendants who have failed to protect him from assaults by staff and other inmates; have failed to process his grievances to exhaustion; have restricted his access to legal "recourses"[1]; and, have intentionally assaulted him, in violation of his First, Eighth and Fourteenth Amendment rights.  He filed, contemporaneously with his complaint,  a motion for injunctive relief (Doc. 3), asserting that he is at risk for injury and therefore should be placed in protective custody and protective housing.

---

[1] In context, this appears to be a claim that he has been denied access to legal resources.

I.     **THRESHOLD REVIEW**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   The Seventh Circuit has directed that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir.2009).

"The screening process allows a judge to dismiss, before service on the defendants,

a complaint that is frivolous, malicious, or fails to state a claim." *Gay v. Chandra*, 682 F.3d 590, 595 (7th Cir. 2012) citing, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b)(1); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir.2003); *Rowe v. Shake*, 196 F.3d 778, 781, 783 (7th Cir.1999).

28 U.S.C. § 1915A, provides:

(a) Screening.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

A.    **Summary of Claims**

Although not a model of clarity, in recitation of the bases for the claims for relief, or the sequence of events, the Court has attempted to piece together the events upon which the complaint is based.  Plaintiff has named as defendants, S.A. Godinez, Director of Illinois Department of Corrections, for failure to oversee training and failure to properly train officers from the period from July, 2011, through the date of the complaint; C/O Rickenberg who is alleged to have been a correctional officer at Menard during the period from July, 2011 to January 2012; former Warden of Menard Correctional Center, Dave Rednour (who is alleged to have been warden during the period from July, 2011 through approximately December 2011); current Warden of Menard Correctional Center, M. Atchison, who started in approximately December of 2011; Sherry Benton, administrative review board officer of the department of Corrections from July, 2011, through the

date of the complaint; inmate counselor Ms. Cartwright[2]; Correctional officer Mave Hall; Inmate grievance reviewing officer Tracy Harrington;  Counselor Robin Rowold; and, C/O Schiner.

As a backdrop to his personal claims, Plaintiff alleges that in June of 2011 a staff member was assaulted in the law library by another inmate.  As a result of that assault, he claims that other inmates were then subjected to verbal abuse and assaults by staff.  Plaintiff alleges that in July of 2011 he was accused of misconduct and was verbally abused by Rowold, who was an officer assigned to protective custody where Plaintiff was then housed. Due to the abuse, he alleges he signed himself out of protective custody, but, immediately tried to get back in the unit when he saw other inmates he feared. He was not returned immediately to protective custody.  While being transported he made comments about Rowold's verbal harassment of him and defendants Mave Hall and Schiner allegedly responded by kicking his legs out from underneath him on the stairs.

Because he felt he had been exposed to enemies and gang members, he  requested to have a trained crisis member to come see him to help him deal with stress.  He requested placement in protective custody which was denied. He alleges that he filed a grievance and that defendant Rickenberg told him the grievance "won't do you any good." Defendants Rednour and Harrington allegedly denied his requests for protective custody.  He claims that although he attempted to file grievance from those denials, defendants Benton and Godinez refused to allow him to have his grievance claims heard. He alleges that the assaults by staff continued, and although he complained to his counselor Cartwright about these events during the period from December 15-19, 2012 Cartwright refused to address the assaults by staff.

---

[2] Plaintiff has named Cartwright two times, both in the style of the case and the body of his complaint.  The claims against this defendant appear to be the same, and the Court construes Plaintiff's claims against defendant Cartwright to be addressed to just one person.

Upon careful review of the complaint and all supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and portions of this action are subject to summary dismissal.

### B.    Analysis

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, et al., Federal Practice and Procedure § 3522 (3d ed.2008). In this case, the Plaintiff is a state prisoner and is currently incarcerated in an Illinois state prison facility as a result of a criminal conviction in Illinois state court. Under 28 U.S.C.1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there. 28 U.S.C. § 1915(e) (2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking pauper status. The statute requires the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

In this case, Plaintiff is alleging a series of threats, abuse and assaults that started in July of 2011 and proceeded at least through the filing of his complaint in March of 2012.  Based on these allegations, the Court finds it appropriate to divide the pro se civil complaint into various counts.

###### a.    Count 1 – Verbal Abuse by Defenant Rowold

Plaintiff claims that defendant Rowold verbally abused him while he was in protective custody.  He alleges that they had some verbal exchanges which led to animosity between them.  He does not allege, however, that Rowold acted in response to his exercise of a constitutionally protected right. He does not allege, for example, that Rowold retaliated against him for filing a grievance, or otherwise for complaining about his conditions of confinement.  Verbal abuse and harassment do not rise to the level of a claim under §1983.  These actions would fall under the "*de ninimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977).  Verbal abuse "does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000).

Accordingly, the Court **DISMISSES** Plaintiff's claims of verbal harassment against defendant Rowold without prejudice for failure to state a claim.

###### b.    Count 2– Excessive Use of Force.

While being transported, Plaintiff alleges that defendants Mave Hall and Schiner kicked his legs out from under him on the stairs.   The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need

not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Plaintiff's claims against defendants Mave Hall and Schiner survive threshold review.

<u>c.</u>     <u>Count 3 – Denial of Access to the Courts</u>

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). Violations of that right may be raised in federal court, e.g., in a civil rights action pursuant to 42 U.S.C. § 1983. An allegation of actual or threatened harm or loss is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir.1990); *Howland v. Kilquist*, 833 F.2d 639, 642–43 (7th Cir.1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021–22 (7th Cir.1987). Such an allegation must be more than merely conclusory. The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir.2006) (quotation omitted).

Here, Plaintiff asserts that the denials of his grievances by Harrington, Benton and Rednour violated his access to the Courts. But, he is, through this lawsuit, presenting these claims to the very court to which he asserts he was denied access. The Seventh Circuit has held that a prisoner's "invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996).

Therefore, Plaintiff's claims for denial of meaningful access to the Courts must fail,

and his claims against defendants Rednour, Benton and Harrington are **DISMISSED**.

Plaintiff's only complaint against defendant Rickenberg is that he told Plaintiff that his grievance would not "do him any good."  This is not enough to raise a constitutional violation, and therefore, Plaintiff's claim against Rickenberg is **DISMISSED.**

Plaintiff has named, but not raised any specific allegations against defendants Atchison and S.A. Godinez.  It is well settled that there is no "respondeat superior" liability under § 1983.  *Sanville v. McCauthry*, 266 F.3d 724, 740 (7th Cir. 2001).  Without some allegation of a specific role that Atchison or Godinez took with respect to Plaintiff's claims, a bare-bones claim such as those raised here does not survive threshold review.

Accordingly, the Court **DISMISSES** Plaintiff's claims against defendants Atchison and Godinez.

### d.      Failure to Protect Claims

Finally, Plaintiff raises a generic claim against defendant Cartwrite, that she did not intervene when he expressed his fears and that she refused to address his claims of assaults by staff. In order for a Plaintiff to succeed on a failure to protect claim, he must show he was incarcerated under conditions posing a substantial risk of serious harm, and the defendant acted with "deliberate indifference" to that danger.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A Plaintiff also must prove prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir.1996).

All Plaintiff has done here, and apparently, from his complaint, what he told to defendant Cartwright does not "state a claim for having been exposed to the unrealized risk of

assault. . . ." Donelson v. Prado, 2011 WL 941233, *4 (N.D.Ill.2011). "However legitimate [his] fears

may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that

gives rise to a compensable claim under the Eighth Amendment." *Id*., quoting *Babcock v. White*, 102

F.3d 267, 272 (7th Cir.1996).

Accordingly, his claims against defendant Cartwright are **DISMISSED.**

## II.    PRELIMINARY INJUNCTION MOTIONS

Plaintiff has filed, with his complaint, a motion for preliminary injunction (Doc. 3)

asserting that he is entitled to injunctive relief because he has a likelihood of success on the merits,

has been threatened with further retaliation if he files his lawsuit, that he risks irreparable harm if

he is further subject to assaults and not able to address his grievances, and the threat of injury to the

plaintiff outweighs any harm to the defendants if the injunction were to be granted.

In a more recent pleading (Doc. 9) the Plaintiff filed a second motion for a

Preliminary Injunction, seeking  emergency relief and asserting that as a result of the visit by a

United States Marshal, the harassment levels have increased and he now fears for his safety and his

life. He then filed a third emergency motion (Doc. 13) asserting that his cell was shaken down, his

legal filings, particularly commissary items were destroyed and that prison officials are tampering

with his mail.

### A.    Standard of Review

In a preliminary injunction proceeding, a plaintiff has the threshold burden to show

some likelihood of success on the merits and that irreparable harm will result if the requested relief

is denied. *In re Forty–Eight Insulations, Inc*., 115 F.3d 1294, 1300 (7th Cir.1997). If the plaintiff

succeeds in his attempt for a preliminary injunction, the imminent danger question will be

9

temporarily resolved pending trial. However, where the plaintiff fails to show some likelihood of success on the merits, it may call into question whether the plaintiff was actually in "imminent danger of serious physical harm" to begin with.

In order to obtain emergency injunctive relief, plaintiff must support his motion with evidence to show that (1) he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) the irreparable harm he would suffer outweighs the irreparable harm defendants would suffer from an injunction; (3) he has some likelihood of success on the merits of his case; and (4) the injunction would not frustrate the public interest. *Palmer v. City of Chicago*, 755 F.2d 560, 576 (7th Cir.1985). The plaintiff must satisfy each of these elements to prevail.

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir.1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999). And, a specific section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief....

18 U.S.C. § 3626(a)(2).

## B.    The Preliminary Injunction Motions

In his first motion for preliminary injunction, Plaintiff asserts that he should be placed in protective custody, but there is no constitutional right to be assigned to a particular part of the prison or to be transferred to another institution.  Unrealized fears for safety do not amount to

10

actionable claims, and he cannot, therefore, meet the likelihood of success on the merits requirement. *Palmer,* 755 F.2d at 576. Therefore, the Court **DENIES** Plaintiff's first motion for preliminary injunction (Doc. 3).

In his second motion for preliminary injunction (Doc. 9 – entitled "Emergency Motion for Hearing") Plaintiff asserts that his fear for his safety from prison officials because he exposed a multi-million dollar carpel tunnel scam for worker's compensation which has been allegedly perpetrated by Menard Correctional Staff.  He asserts that he was visited by a deputy United States Marshal, Christian Corwin, and after that visit, the level of harassment has risen, and he is in fear of his life.

Although he claims he fears for his life, it is not clear to the Court why he believes his life is in danger.  The Court has, however,  determines that a video hearing on this motion for emergency relief is warranted, and, accordingly, refers this matter to Magistrate Judge Williams for a prompt  hearing and issuance of a report and recommendation.  An abbreviated time for filing objections to the report and recommendation shall be set.

Finally, Plaintiff has filed a third motion for preliminary injunction (Doc. 13 – entitled "Second Emergency Notice to Court") asserting that members of the staff are retaliating against for exposing the carpel tunnel scam by opening his mail and taking and destroying  his commissary items.  The Court notes that neither opening mail, nor destruction of commissary items would warrant an injunction.  He is not, by these acts, being subjected to irreparable harm. He has not alleged that the opening of his mail prevented him from litigating his claims, *see Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir.2005); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir.1998). Further, he does not allege that this incident was part of an pattern or ongoing practice of interfering

with his legal mail. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir.1996); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir.1993). Therefore, the Court **DENIES** Plaintiff's motion for preliminary injunction (Doc. 13).

### III.   REMAINING MOTIONS

Plaintiff's has also filed a motion for appointment of counsel (Doc. 5), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir.2010). When presented with a request to appoint counsel, the Court must make the following dual inquiries: "(1) has the. . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir.2007). With regard to the first step of the inquiry, Plaintiff indicates that he has attempted to secure counsel by contacting two law firms requesting representation. Plaintiff has been unsuccessful in his attempts. Plaintiff has not, therefore, made the requisite showing for appointment of counsel in this case.

With respect to the second step, to date Plaintiff has adequately articulated his claims, and appears able to competently litigate the remaining claims without counsel. Future developments in this case may warrant appointment of counsel, but it his request is **DENIED** at this time without prejudice to Plaintiff renewing the motion at a later stage in this litigation.

Finally, having addressed all pending motions in this case, the Plaintiff's motion for status (Doc. 8) is **DENIED** as moot.

## IV.    CONCLUSION

In summary, the Court rules as follows:

**Counts 1, 3 and 4 are DISMISSED without prejudice** and Plaintiff's claims against defendants S.A. Godinez, Rieckenberg, Dave Rednour, M. Atchison, Sherry Benton, Ms. Cartwrite, Robin Rowold and Tracy Harrington are **DISMISSED without prejudice.**

Plaintiffs claims for excessive use of force, Count 2, will receive further consideration.   In order to expedite the hearing on Plaintiff's motion for a preliminary injunction (Doc. 9), Defendants **SCHINER** and **MAVE HALL** shall be personally served with summons, along with copies of the complaint and this order.  The Clerk of Court shall take appropriate steps to effect formal service on Defendants **SCHINER** and **MAVE HALL**.  The Court will not require Defendants to pay the costs of formal.

It is **FURTHER ORDERED** that, if Defendants no longer can be found at the work addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with Defendants' current work addresses, or, if not known, Defendants' last-known addresses.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper that has not been filed with the Clerk of Court or that fails to

13

include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendants shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams  for further pre-trial proceeding, including a prompt hearing on Plaintiff's motion for injunctive relief (Doc. 9) and issuance of a report and recommendation.  An abbreviated time for filing objections to the report and recommendation shall be set.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not

14

independently investigate Plaintiff's whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

The Court **DENIES** Plaintiff's motions for preliminary injunction at Docs 3 and 13.

The Court **DENIES,** at this time, the Plaintiff's motion for appointment of counsel and **DENIES** as moot, Plaintiff's motion for status.

**IT IS SO ORDERED.**

**DATED:  August 17, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**