IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−204−MJR−SCW |
| | ) |
| NATHAN MAUE and MICHAEL SCHNICKER, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.     Introduction

This case is before the Court on Plaintiff's Emergency Notice to the Court (Doc. 9) which seeks a preliminary injunction from the court to protect Plaintiff. The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Plaintiff's motion for a preliminary injunction (Doc. 9).

### II.     Findings of Fact

Plaintiff filed his Complaint on March 5, 2012 alleging various claims against employees of Menard Correctional Center. After the Court's § 1915 review, only one claim remained in the case against Defendants Nathan Maue and Michael Schnicker: a claim for excessive force. According to Plaintiff's Complaint, he alleges that on July 9, 2011, while Defendants were transporting him, they kicked his legs out from under him (Doc. 16).

Subsequent to Plaintiff filing his Complaint but prior to the Court's § 1915 review, Plaintiff filed a motion for preliminary injunction (Doc. 9). Plaintiff alleges in that motion that he is being retaliated against by staff at Menard Correctional center for exposing a scam regarding employees trying to receive workman's compensation for carpel tunnel injuries. Plaintiff alleges that this was the reason that he was assaulted numerous time by staff. Plaintiff indicated that he was in dire fear of his safety (*Id.*). The Court scheduled a hearing on the preliminary injunction motion. Prior to the hearing, Defendants filed their Response (Doc. 48).

On December 7, 2012, the Court held a hearing on Plaintiff's preliminary injunction hearing. Plaintiff expanded on his allegations presented in his motion. Plaintiff indicated that on July 9, 2011, he was assaulted by Defendants Maue and Schnicker. At the time Plaintiff indicated that he wanted to go to protective custody but that Defendant Schnicker tried to talk him out of making such a request. Schnicker and Maue then left and came back and handcuffed him, swept him off of his feet, and beat him up. Plaintiff alleges that ever since that incident, his first such disciplinary incident in prison as he was charged with a staff assault for the incident, he has been retaliated against by various guards, he believes in part because of his writing grievances regarding the assault and filing this case, as well as for other investigations he has been involved in. For purposes of this motion, Plaintiff seeks to be transferred to another prison's protective custody unit. Plaintiff indicates that he is currently in segregation but believes he will be put back in protective custody upon his release from segregation.

### III.     Conclusions of Law

**A.     Preliminary Injunction Standard**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997).** *Accord Winter v. Natural Res. Def. Council, Inc.,* **555**

Case 3:12-cv-00204-SCW   Document 50   Filed 12/13/12   Page 3 of 5   Page ID #168

**U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right").** To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010) (citing** *Winter***, 555 U.S. at 20).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge***, 612 F.3d at 546.**

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal***, 682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer***, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio***, 130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id***. (citing** *Jordan v. Wolke***, 593 F.2d 772, 774 (7th Cir. 1978)).** *See also* *W.A. Mack, Inc. v. Gen. Motors Corp.***, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary**

**injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

B.      Analysis

The undersigned **RECOMMENDS** that Plaintiff's motion should be **DENIED** because he cannot demonstrate a likelihood of success on the merits.  Plaintiff states in his motion that he is being retaliated against by various guards by filing grievances against them, as well as for filing this suit.  However, Plaintiff's allegations are not the subject of his current lawsuit.  Plaintiff's current suit focuses on an allegation of excessive force committed by two correctional officers.  His Complaint does not deal with any alleged retaliation which occurred by any officers after the incident of excessive force.  Thus, the undersigned agrees with Defendants that the relief he seeks preliminary would not be the sort of relief he would obtain should he win his suit against Defendants as he has not alleged a claim of retaliation.  The undersigned, accordingly, finds that Plaintiff would not be likely to succeed on the merits because the subject of his motion for preliminary injunction does not deal with the subject of his Complaint.  In order to seek relief for the alleged retaliation he is suffering from, Plaintiff would have to file a new law suit after properly exhausting his administrative remedies.

Further, even if Plaintiff's claims in his motion were the subject of his Complaint, the Court finds that Plaintiff would not be entitled to the extraordinary relief that he seeks.  Plaintiff seeks an injunction moving him to another correctional facility other than Menard Correctional Center.  Such a request would be an extraordinary relief, which Plaintiff has not shown that he is entitled to.  Such a request would also require the Court to become involved in the everyday activities of the prison system, something this undersigned is reluctant to do. *See Scraver v. Litscher,* **434 F.3d 972, 976-77 (7th Cir. 2006).**  Further, the Court finds that Plaintiff has not shown that he is in any immediate danger as he is currently not facing any physical injury from

Defendants nor does he allege that he has sustained any injuries from the Defendants since the alleged assault.  Plaintiff has also informed the Court that he is set to go back to protective custody in a short time.  Thus, the undersigned finds that Plaintiff is not entitled to a preliminary injunction on his claims.

### IV.    Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff Hall's Emergency Notice to the Court (Doc. 9) seeking a preliminary injunction be **DENIED**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the purposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).  Accordingly, Objections to this Report and Recommendation must be filed on or before  January 2, 2013     .**

**IT IS SO ORDERED**.

DATED. December 13, 2012

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge