IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HALL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-0204-MJR |
| ) | |
| NATHAN MAUE and ) | |
| MICHAEL SCHNICKER, ) | |
| ) | |
|     Defendants. ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

On March 5, 2012, John Hall filed suit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by employees of Menard Correctional Center. Contemporaneous with the filing of the complaint, Hall filed a motion for a preliminary injunction (Doc. 3). On April 16, 2012, Hall filed an emergency motion for a hearing on his motion for preliminary injunction (Doc. 9). On August 17, 2012, the Court concluded its threshold review pursuant to 28 U.S.C. § 1915A, after which only a claim for excessive force against Defendants Maue and Schnicker remained in the case.

In its threshold order, the Court also denied the motion for a preliminary injunction, in which Hall asserted that he should be placed in protective custody (Doc. 3). The Court found that Hall had no likelihood of success on the merits because unrealized fears for safety do not amount to actionable claims, and there is no constitutional right to be assigned to a particular part of the prison or to be transferred to another institution. However, the Court ordered that Defendants be

personally served in order to expedite the hearing on Plaintiff's emergency motion. Therein, Hall alleges that he is being retaliated against by Menard staff for exposing a scam regarding employees trying to receive workman's compensation for carpal tunnel injuries. He alleges that for this reason he was assaulted numerous times by staff and is in dire fear for his safety.

On December 13, 2012, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, regarding Plaintiff's emergency notice to the Court seeking a preliminary injunction (Doc. 50). The Report finds that Hall cannot demonstrate a likelihood of success on the merits because his allegations are not the subject of the current Complaint. Furthermore, even if Hall's claims were the subject of his Complaint, he would not be entitled to the extraordinary relief that he seeks. Hall asks to be moved to a different correctional facility, a request that would require the Court to become involved in the everyday activities of the prison system, which the Court is reluctant to do. ***See Scraver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006)**. Hall has not shown that he is in immediate danger. He indicates that he is currently in segregation but believes he will be placed back into protective custody when he is released from segregation.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, neither party has filed objections. The period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn,* 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 50) in its entirety and **DENIES** Hall's emergency notice to the Court seeking a preliminary injunction (Doc. 9).

IT IS SO ORDERED.

DATED this 8th day of January, 2013

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge