IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JOHN HALL #B-60807 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 12-204-SJR-SCW |
| | ) | |
| NATHAN MAUE and MICHAEL SCHNICKER, | ) ) ) | |
| | ) | Judge: Honorable Stephen C. Williams |
| Defendants. | ) | |

**FINAL PRETRIAL ORDER**

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S COUNSEL:**

| | |
|---|---|
| Julie Devine | Julia Drafahl |
| Ogletree Deakins Nash, | Ogletree Deakins Nash, |
| Smoak & Stewart, P.C. | Smoak & Stewart, P.C. |
| 7700 Bonhomme Avenue, Suite 650 | 7700 Bonhomme Avenue, Suite 650 |
| St. Louis, MO 63105 | St. Louis, MO 63105 |
| 314-802-3955 | 314-802-3959 |

**DEFENDANTS' COUNSEL:**

Daniel S. Fornoff
Illinois Attorney General's Office – Springfield
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091

I.   **NATURE OF THE CASE**

Plaintiff John Hall brings an unconstitutional force claim pursuant to 42 U.S.C. § 1983 against Defendants, Nathan Maue and Michael Schnicker, two Menard corrections officers. Plaintiff asserts that on July 9, 2011, while Plaintiff was housed at Menard Correctional Center, Defendants used unconstitutional force when Plaintiff asked to be moved to protective custody. Plaintiff alleges that Defendants: kicked his feet out from under him, placed their knees on his face, and hit him in the ribs and other parts of his

body. Defendants deny the allegations of unconstitutional force.

## II. JURISDICTION

    A.    This is an action for damages.

    B.    The jurisdiction of the Court is not disputed.

        i.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action involves a claim under 42 U.S.C. § 1983.

## III. UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. At all times relevant to this matter, Plaintiff was incarcerated at Menard Correctional Center.
2. At all times relevant to this matter, Defendants were employees at Menard Correctional Center.
3. At all times relevant to this matter, Defendants were acting under color of state law.

## IV. AGREED TO ISSUES OF LAW

1. Whether Plaintiff's Eighth Amendment rights were violated by Defendants.
2. Whether Plaintiff is entitled to compensatory damages.
3. Whether Plaintiff is entitled to punitive damages.
4. Whether Defendants are entitled to qualified immunity.

## V. WITNESSES

    A.    List of witnesses Plaintiff expects to call, including experts.

        1.    Expert witnesses.

            a.    None.

        2.    Non-expert witnesses:

            a.    John Hall

            b.    Michael Schnicker

            c.    Nathan Maue

        d.     Barbara Mueller

        e.     Corwyn Brown

        f.     Donald Jackson

        g.     Susan M. Hill

        h.     David E. Heinrich

        i.     Ronald Hillerman

        j.     Williams

        k.     Medical Tech Anna, last name unknown, at Menard Correctional Facility

        l.     Jeff Mott

        m.     Pearl Griffin

        n.     Physical Therapist Jose, last name unknown, at Stateville Correctional Center

        o.     Edward Hanks

        p.     Anthony Hall

        q.     Menard HCU Administrator

B.    List of witnesses Defendants expect to call, including experts:

    1.    Expert witnesses.

        a.     None

    2.    Non-expert witnesses.

        a.     John Hall

        b.     Michael Schnicker

        c.     Nathan Maue

        d.     Mark Mifflin

        e.     Jeanette Cowan

      f.     Susan Hill

      g.    Barbara Mueller

      h.    David Hennrich

      i.     Major Daniel Dunn

      j.     Menard HCU Administrator

    C.    Rebuttal Witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI.  EXHIBITS

Exhibit A – Pretrial Exhibit Stipulation.

## VII. DAMAGES

Plaintiff John Hall seeks $\underline{50,000}$ in compensatory damages, as well as punitive damages and attorneys' fees and costs.

Defendants deny that Plaintiff is entitled to any relief.

## VIII. BIFURCATED TRIAL

The parties do not desire a bifurcated trial.

## IX. TRIAL BRIEFS

The parties do not believe that trial briefs are necessary for any issues or theories in this case.

## X. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

    A.    **Trial Date.** Trial of this cause is set for the week of July 13, 2015.

    B.    **Length of Trial**. The probable length of trial is 2-3 days. The case will be listed on the trial calendar to be tried when reached.

        **Mark Appropriate Box:**    JURY. . . . . . . . .  X
                                                     NON-JURY. . . .  _____

    C.    **Number of Jurors.** There shall be a minimum of six jurors.

    D.    **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted. If voir dire questions are to be tendered, they should be

       submitted with the Final Pretrial Order.

E.    **Jury Instructions.** All jury instructions of all parties shall be submitted with a completed jury instruction order prepared in compliance with this Court's instructions no later than the first day of trial. An original and one copy of each instruction shall be submitted to the Court and duplicates shall be delivered to opposing counsel. The original of each proposed instruction shall be on 8½" x 11" plain white paper without any designation or number. The copy shall be numbered, identify the authority supporting the instruction and which party tenders it. Jury instructions should be produced in a word processing program and submitted on diskette or by electronic means as provided by the Court.

      **IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: June 17, 2015

                                        */s/ Stephen C. Williams*
                                        UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

*/s/ Julie Z. Devine*
  ATTORNEY FOR PLAINTIFF(S)

*/s/ Daniel S. Fornoff*
  ATTORNEY FOR DEFENDANT(S)